1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JOSE JUAREZ, | ) | Case No.: 1:14-cv-00016-SAB (PC) |
| Plaintiff, | ) ) | |
| | ) | ORDER DENYING PLAINTIFF'S MOTION |
| v. | ) | FOR ACCESS TO THE LAW LIBRARY |
| | ) | |
| W. KOBOR, et al., | ) | [ECF No. 22] |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Jose Juarez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 24, 2012.  Local Rule 302.

On April 24, 2014, Plaintiff filed a motion to gain access to the law library.  The Court construes Plaintiff's motion as a request for a preliminary injunction.

**I.**

**DISCUSSION**

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely

1

to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action. The constitutional and statutory requirements applicable to equitable relief preclude Plaintiff from entitlement to generalized relief such an order directing that prison officials allow Plaintiff to receive his legal property through the mail services. Furthermore, the Court has yet to screen the instant complaint, and the Court cannot, at this point, issue a preliminary injunction.

Additionally, in the Court's experience, some disruption with property access occurs following a transfer between prisons, and absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132, 123 S.Ct. 2162 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83, 115 S.Ct. 2293 (1995) (disapproving the involvement of federal courts

1   in the day-to-day-management of prisons).   A preliminary injunction does not serve the purpose of

2   ensuring that Plaintiff is able to litigate this action effectively or efficiently.   Accordingly, Plaintiff's is

3   not entitled to a preliminary injunction to gain access to the law library.

**II.**

**ORDER**

6   Based on the foregoing,

7   IT IS HEREBY ORDERED that Plaintiff's motion for a preliminary injunction to gain access

8   to the law library is DENIED.

10   IT IS SO ORDERED.

11   Dated:   **April 30, 2014**

UNITED STATES MAGISTRATE JUDGE

3