UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAREZ,<br><br>   Plaintiff,<br><br>  v.<br><br>W. KOBOR, et al.,<br><br>   Defendants. | Case No.: 1:14-cv-00016-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Jose Juarez is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on January 6, 2014. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 24, 2014. Local Rule 302.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff lists W. Kokor, L. Merritt, A.F. Alphonso, J. Sundaram. L. Worman, T. Brown, and C. Craver, as Defendants.

Plaintiff contends that state policy was not followed when his medication for pain was discontinued, despite the fact that a rules violation was never issued against him for misconduct.  The medication was discontinued merely because a nurse did not like Plaintiff.

## III.
## DISCUSSION

A.   **Linkage Requirement**

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009);

1  Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of
2  Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).
3  Liability may not be imposed under a theory of respondeat superior, and there must exist some causal
4  connection between the conduct of each named defendant and the violation at issue.  Iqbal, 556 U.S.
5  at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013);
6  Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693
7  F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011),
8  cert. denied, 132 S.Ct. 2101 (2012).

Although Plaintiff lists several individuals as Defendants in the caption of his complaint Plaintiff fails to name and/or list any of these individuals to affirmative actions or omissions giving rise to his alleged constitutional violation(s).  Without proper linkage of each defendants actions or inactions, Plaintiff cannot and does not state a cognizable claim against any of these Defendants.

### B. Discontinue Pain Medication

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff fails to state a claim for deliberate indifference under the Eighth Amendment based on the discontinuance of certain pain medication.  Plaintiff fails to allege facts to demonstrate that any

defendant acted with a culpable state of mind.  Plaintiff does not indicate what periods of time he went without medication, and does not provide sufficient detail as to each defendant's involvement with plaintiff's medication or its alleged deprivation.  In addition, given Plaintiff's incarceration status, the decision to discontinue certain pain medication because of concerns of abuse of such medication does not amount to deliberate indifference to serious medical needs.  See, e.g., Atakpu v. Lawson, No. 1:05-CV-00524, 2008 WL 5233467, at *11 (S.D. Ohio, Dec. 11, 2008) ("evidence submitted by plaintiff shows that the LeCI doctor ordered that the Ultram be discontinued on April 14, 2005 because of 'cheeking'"); Shea v. Wheeler, No. 00-C-0072-C, 2001 WL 34376846, at *6 (W.D. Wis., June 19, 2001) (holding that prison doctor's decision to discontinue inmate's prescription for misuse, even after inmate was found not guilty at a subsequent disciplinary hearing, did not constitute deliberate indifference); Mantigal v. Cate, No. CV 10-1503-DMG (MLG), 2010 WL 3365735, at *5-6 (C.D. Cal. May 24, 2010) (medical staff's decision to change pain medication prescribed at another institution from Tylenol with Codeine or Gabapentin (Neurontin), to regular Tylenol, failed to state actionable Eighth Amendment claim).

Furthermore, Plaintiff's disagreement with the chosen treatment and medication provided to him by medical professionals does not give rise to a claim for deliberate indifference.  Franklin v. State of Or., State Welfare Division, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to Sanchez' serious medical needs.")  Indeed, the exhibits attached to Plaintiff's complaint clearly demonstrate that Plaintiff was evaluated by medical personnel on numerous occasions and provided pain medication for his condition.  (ECF No. 1, Compl. Exs. C, D, E.)  The fact that Plaintiff may have desired different and/or stronger medication fails to rise to a constitutional violation.  There are no facts to establish that the cancellation of certain pain medication was done with deliberate indifference to a serious medical need.  Accordingly, Plaintiff has failed to state an Eighth Amendment claim of deliberate indifference against any of the named Defendants.

///

///

### C. Exhibits

Plaintiff's complaint contains over 100 pages of exhibits. Plaintiff is advised that the Court will not wade through exhibits attached to the amended complaint to determine whether he has stated a cognizable claim. The Court is not a repository of the parties' evidence. Originals, or copies of evidence (i.e., prison or medical records, inmate appeals, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial , or when requested by the Court). At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. Thus, in amending his complaint, Plaintiff would do well to simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

If Plaintiff feels compelled to submit exhibits with his amended complaint, he is reminded that such exhibits must be attached to the complaint and must be incorporated by reference. Fed. R. Civ. P. 10(c). Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3").

## IV.
## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed January 6, 2014, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 14, 2014**

UNITED STATES MAGISTRATE JUDGE