UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W. KOBOR, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00016-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 30] |

Plaintiff Jose Juarez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's first amended complaint, filed July 16, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On or about June 13, 2012, Plaintiff slipped and fell on the dining room floor. Plaintiff was taken to the hospital and returned to the prison on June 17, 2012. Plaintiff contends he was left in pain and suffering without adequate medication upon his return from the hospital, despite the doctor's recommendation for Plaintiff to receive adequate medication to manage the pain.

On or about July 11, 2012, Plaintiff went to the medical office to advise Licensed Vocational Nurse, Villasenor, of his condition. Plaintiff contends Villasenor ignored his claim that he felt he was suffering a stroke. Plaintiff advised Licensed Vocational Nurse, Handle, and she responded to "wait[] at the holding tank you are not special."

Plaintiff was sitting at the holding tank on a bench, when he collapsed and hit the floor. Officials then realized that Plaintiff was having a stroke and Plaintiff was picked up by Licensed Vocational Nurse, Handle and officer Martinez. Plaintiff was taken to the hospital and returned on July 21, 2012. A week later, Plaintiff was examined by Dr. Kokor who informed Plaintiff there was

1  nothing wrong with him.  Plaintiff has filed numerous inmate appeals complaining of his lack of
2  treatment.
3        On or about February 16, 2011, an interview was conducted by Physician Assistant, T. Brown,
4  in regard to Plaintiff's medical condition.  Plaintiff stated he was suffering from chronic lower back
5  pain as well as swollen legs and pain his right ankle.
6        On or about November 8, 2011, D. Smiley responded to Plaintiff's inmate appeal at the second
7  level of review.  It was noted that Plaintiff's lower back medication was changed from Elavil to
8  Trileptal because of a mental health disorder.  However, Plaintiff contends he does not have mental
9  problems.
10       On or about March 2, 2012, an interview was conducted by Nurse Practitioner, L. Merritt, and
11 a detailed discussion regarding Plaintiff's chronic lower back problem was held.  Merritt noticed that
12 Plaintiff was suffering in pain, yet ignored and laughed at Plaintiff's statement.
13       On or about August 5, 2013, Plaintiff slipped and fell again.  Officer Sias activated a Code 1
14 alarm and reported the incident to the medical clinic by telephone.  Plaintiff was examined five days
15 later by Dr. Alphonso.  In retaliation, Plaintiff was left in pain.
16       On September 10, 2013, Dr. J. Sundaram provided a full-up examination.  Plaintiff advised Dr.
17 Sundaram regarding his most recent slip and fall and chronic lower back pain.  Dr. Sundaram denied
18 Plaintiff an MRI examination.
19       On October 4, 2013, Plaintiff was examined by Registered Nurse, L. Worman, regarding his
20 chronic lower back problem and right swollen ankle.  Plaintiff received no response to his complaints.

**III.**

**DISCUSSION**

A.    **Deliberate Indifference to Serious Medical Need**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

### 1. Defendant Licensed Vocational Nurse Handle

Plaintiff alleges that on July 11, 2012, Defendant Handle responded to his claim that he felt he was suffering a stroke by advising him to "wait at the holding tank [because] you are not special."

Plaintiff's allegation does not state a claim for deliberate indifference against Defendant Handle because the facts do not support an inference that it was unreasonable for Defendant to follow prison procedures and require Plaintiff to fill out a medical request form before being seen by a doctor or nurse. Specifically, beyond Plaintiff's mere allegation that he stated he felt he was suffering a stroke" and while waiting in the holding tank collapsed and suffered a stroke, there is not sufficient factual allegations to impute knowledge that Plaintiff was suffering from a medical emergency that required Defendant Handle to bypass prison procedure and call for immediate medical care for Plaintiff. Accordingly, Plaintiff fails to state a cognizable claim against Defendant Handle.

### 2. Defendants Kokor and Sundaram

Plaintiff contends that Defendant Doctor Kokor examined him a week after his return from the hospital on July 21, 2012, and informed him there was nothing wrong with Plaintiff. As to Defendant Doctor Sundaram Plaintiff contends that after he provided a full examination, he denied an MRI examination.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-

4

83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's mere disagreement with these Doctors' decisions does not establish deliberate indifference.  See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (holding "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim").  Plaintiff fails to provide evidence that the decisions were medically unacceptable or that their decision was in conscious disregard to Plaintiff's health.  Accordingly, Plaintiff fails to state a cognizable claim for relief against Defendants Kokor and Sundaram.

### 3. Defendant Merritt

Plaintiff contends that on March 2, 2012, an interview was conducted by Nurse Practitioner, L. Merritt, and after a detailed discussion and Plaintiff's obvious suffering in pain, L. Merritt ignored and laughed at Plaintiff.

Plaintiff's allegations, at this juncture, do not rise to the level of deliberate indifference required by the Eighth Amendment.  Rather, without further factual details, this single instance of medical care that was denied by Defendant Merritt, viewed in isolation, appears to be the product of mere negligence.  In order to state a claim of deliberate indifference under the Eighth Amendment, Plaintiff must allege more than just that Defendant Merritt ignored his request and laughed at him on one occasion, Plaintiff must demonstrate "deliberate indifference" to his serious medical needs.  Accordingly, Plaintiff fails to state a cognizable claim against Defendant Merritt.

### 4. Defendant Alphonso

Plaintiff contends he slipped and fell a second time on August 5, 2013, and he was examined five days later by Defendant Doctor Alphonso.  He contends Doctor Alphonso in retaliation left him in pain.

Plaintiff fails to state a cognizable claim for deliberate indifference against Defendant Alphonso.  Plaintiff provides no facts plausibly to demonstrate that Doctor Alphonso was deliberately

indifferent to Plaintiff's medical needs. Even assuming Plaintiff has established a serious medical need, Plaintiff's conclusory allegation that Doctor Alphonso in retaliation left him in pain is wholly insufficient to rise to the level of a constitutional violation. Accordingly, Plaintiff fails to state a cognizable claim against Defendant Alphonso.

5.   Defendant Worman

Plaintiff contends that Registered Nurse, L. Worman, examined him in October 4, 2013, regarding his chronic lower back problem and right swollen ankle. Plaintiff received no response to his complaints.

Plaintiff fails to state a cognizable claim against Defendant Worman. Plaintiff's conclusory allegation that he received no response to his complaints, does not provide sufficient factual detail to give rise to a claim of "deliberate indifference" under the Eighth Amendment. In fact, the exhibits attached to Plaintiff's first amended complaint belie his claim that he did not receive proper treatment and/or a response to his complaints of pain and suffering.

On January 15, 2014, Plaintiff's inmate appeal challenging his health care, indicates that his medical records reveal the following:

> On August 19, 2013, [Plaintiff was] interviewed by the registered nurse and allowed the opportunity to provide clarification in regard to your appeal issues.
>
> You have received ongoing Primary Care Provider (PCP) follow up evaluation and treatment to January 7, 2013, for your history of chronic back pain including an active order for the medication acetaminophen for pain management and approved accommodations.
>
> The PCP noted review of x-ray results with unremarkable findings, several long discussions with you regarding back pain symptoms and imaging studies showing no significant pathology, and unremarkable physical exams showing musculoskeletal and neurological exams within normal limits.
>
> The PCP determined there is no current medical indication for repeat imaging studies (like an MRI) or narcotic medications.

(ECF No. 30, 1st Amd. Compl. Ex. A.) Plaintiff's allegations fall short of establishing that Defendant Worman actions or omissions led to an "unnecessary and wanton infliction of pain" or that Worman

knew or intended Plaintiff to be harmed by his/her actions. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976). Accordingly, Plaintiff fails to state a cognizable claim against Defendant Worman.

6.      Defendant T. Brown

Plaintiff contends that on February 16, 2011, he was interviewed by Physician Assistant, T. Brown, in regard to his medical condition and pain and suffering. Although Plaintiff advised of his chronic lower back pain and right ankle pain, he did not receive adequate treatment.

Plaintiff fails to state a claim against Defendant Brown. Plaintiff fails to state a cognizable claim against Defendant Brown. Plaintiff's conclusory allegation that he received no response to his complaints, does not provide sufficient factual detail to give rise to a claim of "deliberate indifference" under the Eighth Amendment. To demonstrate deliberate indifference, Plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Accordingly, Plaintiff fails to state a cognizable claim against Defendant Brown.

**B.      Retaliation**

Plaintiff contends that Defendant On August 5, 2013, Defendant Doctor Alphonso examined him and in retaliation left him in pain.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff fails to state a cognizable claim for retaliation. Plaintiff's claim that Doctor Alphonso retaliated against him by leaving him in pain, fails to give rise to a claim for retaliation. Plaintiff does

not allege facts demonstrating protected conduct motivated such adverse actions.  See Brodheim v. Cry, 584 F.3d at 1271; see also Soranno's Gasco, Inc., v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (a plaintiff must show that his protected conduct was a "substantial" or "motivating" factor behind the defendant's conduct).  If Plaintiff chooses to amend he must allege facts demonstrating that a named defendant took adverse action against him because he undertook constitutionally protected conduct.  Accordingly, Plaintiff fails to state a cognizable claim against Defendant Alphonso.

### C. Inmate Appeals Process

To the extent Plaintiff seeks raise a separate and independent constitutional violation based on the handling of his inmate appeals, Plaintiff fails to state a cognizable claim.  "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

### D. Supervisory Liability

Plaintiff names C. Crayer, Chief Executive Officer, as a Defendant.

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a

constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff's first amended complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Crayer, Chief Executive Officer. The only basis for such a claim would be respondeat superior, which is precluded under section 1983. Accordingly, Plaintiff fails to state a cognizable claim against Defendant Crayer.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's first amended complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's first amended complaint, filed July 16, 2014, is dismissed for failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 27, 2014**

UNITED STATES MAGISTRATE JUDGE