UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAREZ, <br><br> Plaintiff, <br><br> v. <br><br> W. KOBOR, et al., <br><br> Defendants. | Case No.: 1:14-cv-00016-SAB (PC) <br><br> ORDER DISMISSING SECOND AMENDED COMPLAINT, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM, AND DIRECTING CLERK OF COURT TO TERMINATE ACTION <br><br> [ECF No. 34] |

Plaintiff Jose Juarez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 24, 2014. Local Rule 302.

Plaintiff filed the initial complaint January 6, 2014. On May 14, 2014, Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and dismissed with leave to amend.

Plaintiff filed a first amended complaint on July 16, 2014, which was dismissed with leave to amend on August 28, 2014.

Now pending before the Court is Plaintiff's second amended complaint, filed October 30, 2014.

///

///

///

# I.

# SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# II.

# COMPLAINT ALLEGATIONS

Plaintiff names W. Kokor, L. Merritt, A. Alphonso, J. Sundram, L. Worman, C. Crayer, T. Brown, and D. Smiley as Defendants. Plaintiff contends that each of the Defendants were deliberately indifference toward his serious medical need.

On August 3, 2011, Petitioner was transferred from Ironwood State Prison to Corcoran State Prison and Plaintiff never received his proper medical (Morphine 15 mg) for his chronic lower back disorder.

## III.

## DISCUSSION

### A.   Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's vague and conclusory allegations fail to give rise to a constitutional claim for deliberate indifference. Because Plaintiff has been given multiple opportunities to file an appropriate complaint and provided the legal standard necessary to state such claim, further leave to amend will not be granted.

## IV.

## CONCLUSION AND ORDER

Plaintiff's second amended complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was twice previously notified of the legal standard and the deficiencies in his claims, what was necessary to correct them and twice before given leave to amend.

3

The fact that he has failed to correct these deficiencies provides a reasonable basis for concluding he cannot. Thus, it would be futile to repeat the process again and further leave to amend is not justified. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

Accordingly,

IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is DISMISSED, with prejudice, for failure to state a cognizable claim for relief;
2. The Clerk of Court is directed to terminate this action; and
3. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: **November 7, 2014**

_____
UNITED STATES MAGISTRATE JUDGE

4